

RK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEINO JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 18 991 |
| TAMARIND THAI RESTAURANT | ) | |
| and AUSTIN SOUTH STREET LP, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
MAR - 8 2018
KATE BARKMAN, Clerk
By__________Dep. Clerk

**COMPLAINT**

COMES NOW, KEINO JOHNSON, by and through the undersigned counsel, and files this, his Complaint against Defendants, TAMARIND THAI RESTAURANT and AUSTIN SOUTH STREET LP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff KEINO JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Philadelphia, Pennsylvania (Philadelphia County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant, TAMARIND THAI RESTAURANT (hereinafter "TAMARIND THAI RESTAURANT"), is a Pennsylvania domestic business, and transacts business in the State of Pennsylvania and within this judicial district.

7. Defendant, TAMARIND THAI RESTAURANT., opertes a business located at 117 South Street, Philadelphia, PA 19147, doing business as "Tamarind Thai Restaurant," referenced herein as the "Facility."

8. Defendant, TAMARIND THAI RESTAURANT, is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action.

9. Defendant, TAMARIND THAI RESTAURANT, may be property served with process via its Owner for service at: Sommai Corp., 2725 West

Chester Pike, Broomall, PA 19008.

10. Defendant, AUSTIN SOUTH STREET LP (hereinafter "AUSTIN SOUTH STREET LP") is a domestic limited partnership and transacts business in the State of Pennsylvania and within this judicial district.

11. Defendant, AUSTIN SOUTH STREET LP, is the owner and/or operator of the real property and improvements that the Facility(ies) is/are situated upon and that is the subject of this action, referenced herein as the "Property".

12. Defendant, AUSTIN SOUTH STREET LP, may be properly served with process via service, to wit: 114 Chestnut Street, Philadelphia, PA 19106.

**FACTUAL ALLEGATIONS**

13. On or about February, 2018, Plaintiff was a customer at TAMARIND THAI RESTAURANT and also attempted to utilize the restroom at the Facility.

14. Plaintiff lives in the near vicinity of the Facility and Property.

15. Plaintiff's access to the business(es) located 117 South Street, Philadelphia, PA 19147-2416, Pennsylvania County Property Appraiser's parcel number OPA 871015150 ("the Property,") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until

Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

17. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

19. Plaintiff resides one-half mile from the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards

addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. The Facility is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

29. The Facility must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at

the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) There are changes in level in the Property and/or Facility exceeding ½ (one-half) inch that are not ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 3-4 (three to four) inch vertical rise at the entrance to the Facility that is not ramped, thus rendering the Facility inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii) The doorway of the accessible entrance is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iii) Due to the accessible barrier present at the accessible entrance, the Facility lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(iv) The Facility lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards.

(v) There is not at least one accessible entrance to each tenant space in the building that complies with Section 404 of the 2010 ADAAG standards which is a violation of Section 206.4.5 of the 2010 ADAAG Standards.

(vi) The Facility lacks an accessible route connecting the accessible elements and features of the main floor with the lower floor in violation of Section 206.2.3 of the 2010 ADAAG standards. Specifically, the restroom is located in the lower floor and the only access is via stairs. This violation made it difficult for Plaintiff to access public features of the Facility. The building has more than three stories and none of the exceptions asserted in Section 206.2.3 of the 2010 ADAAG standards apply.

(vii) Defendants fails fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b) RESTROOMS**

(i) The light switch in the restroom is located outside of the minimum reach ranges required by Section 308 of the 2010 ADAAG standards.

This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii) The door to the restrooms has a minimum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iv) The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(v) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(vi) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact

in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii) There is inadequate clear turning space in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

36. Due to the barriers to access present at the Property and Facility, despite best efforts and an intent to purchase items, Plaintiff was unable to access the Property and Facility due to his disability.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

38. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried

out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

43. Upon information and good faith belief, the Facility and Property have been altered since 2010.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, TAMARIND THAI RESTAURANT, in violation of the ADA and ADAAG

(b) That the Court find Defendant, AUSTIN SOUTH STREET LP, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: February 27, 2018.

Respectfully submitted,

Eric Brauer, Esq.
Pennsylvania Bar No. 43624
Brauer & Schapiro, LLC
638 Newtown Yardley Road, Suite 2B
Newtown, PA 18940
Tel: (215) 953-9100
eric@ebrauerlaw.com